IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LEIGAFOALII TAFUE WILLIAMS, fka, LEIGAFOALII TAFUE KOEHNEN, | ) ) ) ) | CIVIL NO. 09-00535 SOM/KSC<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT (DOCKET NO. 30); ORDER DENYING WILLIAMS'S MOTION TO STRIKE AND SANCTION DEFENDANTS (DOCKET NO. 43) |
| Plaintiff, | ) ) ) ) ) ) ) | |
| vs. | | |
| DAWN RICKARD; HOME 123 CORPORATION, A California corporation, its successors and assigns; ELECTRONIC REGISTRATION SYSTEMS, a Delaware corporation; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Morgan Stanley ABS Capital I Inc.; MSAC 2007-NC1, a New York corporation; REAL TIME RESOLUTIONS, INC.; and DOES 1-30, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT (DOCKET NO. 30); ORDER DENYING WILLIAMS'S MOTION TO STRIKE AND SANCTION DEFENDANTS (DOCKET NO. 43)

I.      INTRODUCTION.

This removed action arises out of mortgage loan transactions.  Plaintiff Leigafoalii Tafue Williams initially filed this action in state court on August 17, 2009, asserting various causes of action relating to her mortgage loans.

At the hearing on an earlier motion to dismiss, and after receiving this court's usual prehearing inclinations, Williams informed the court that she had just filed a First

Amended Complaint. The filing of the First Amended Complaint made the earlier motion moot.

The First Amended Complaint violates both the letter and the spirit of Rule 8(a) of the Federal Rules of Civil Procedure. It is 120 pages long and has 434 numbered paragraphs. The length of the First Amended Complaint is explained by extreme repetitiveness. Absent the difficulties presented by the length of the First Amended Complaint, however, the document presents a relatively simple and straightforward complaint.

In the First Amended Complaint, Williams sues her mortgage broker (Dawn Rickard), her original first-mortgage company (Home 123 Corporation), her original second-mortgage company (Mortgage Electronic Registration Systems ("MERS")), and the mortgage companies that have been assigned her notes and mortgages (Deutsche Bank National Trust Company and Real Time Resolutions, Inc.), claiming that the mortgages she entered into were not what she wanted.

In relevant part, the First Amended Complaint asserts the following claims against both Deutsche Bank and Real Time: 1) Counts 12 and 14 (asserting a right to rescind the 2006 notes and mortgages based on unfair and deceptive practices by Home 123 and Rickard); and 2) Counts 13 and 15 (asserting a right to rescind the 2006 notes and mortgages and seeking damages based on violations of the Truth in Lending Act).

Deutsche Bank and Real Time now move to dismiss the claims against them in the First Amended Complaint. See Docket No. 30. That motion is granted in part and denied in part without a hearing pursuant to Local Rule 7.2(d) ("Unless specifically required, the court, in its discretion, may decide all matters, including motions, petitions, and appeals, without a hearing."). Because Counts 12 and 14 do not seek damages from Deutsche Bank or Real Time, the motion is denied to the extent it seeks dismissal of damage claims in Counts 12 and 14. The motion is also denied as moot with respect to the portions of Counts 12 and 14 seeking to void the notes and mortgages under section 480-12 of the Hawaii Revises Statutes. With respect to Counts 13 and 15, which assert claims for violations of the Truth in Lending Act, the motion is granted to the extent money damages are sought for disclosure violations, but denied to the extent those counts seek money damages relating to rescission. The motion is also denied with respect to the claims for rescission under the Truth in Lending Act.

II.     BACKGROUND.

The following factual summary is based on the allegations in the First Amended Complaint of February 16, 2010 ("FAC"). See Docket No. 27. Williams lives in a home in Hilo, Hawaii. FAC ¶¶ 3, 9. Williams had a 2005 mortgage on that

property with Defendant Home 123 Corporation, securing a $157,500 note. Id. ¶¶ 4, 10.

In June or July 2006, Williams allegedly telephoned Home 123 to discuss a second mortgage loan of $70,000. Id. Williams was referred to Dawn Rickard, who worked for Home 123. Id. ¶¶ 4, 11. Williams says that she told Rickard that she wanted a second mortgage, that she did not want to refinance her existing mortgage, which had an interest rate of 6.875%, and that she did not want to pay a prepayment penalty. Id. ¶ 12. Williams says that, when she had not heard from Rickard or Home 123 for a while, she called Rickard again in either late July or early August. Id. ¶ 13. Williams says that she was told that Home 123 would be sending loan papers to her. Id.

Williams says that she did not hear more from Home 123 until August 17, 2006, when she received a telephone call from Rickard instructing her to meet with a First American Title Corporation officer to sign the loan papers. Id. ¶ 14. Williams said that she immediately drove to First American Title and signed her loan papers in about 10 to 15 minutes. Id. ¶ 15. According to Williams, she thought she was signing the loan documents for a $70,000 second mortgage on her home. Id. Williams says that she did not have adequate time to review the loan documents, that the documents were not explained to her, and that English is not her native language. Id. ¶ 27.

4

At the end of August 2006, Williams received her loan check and copies of her loan documents. Williams represents that Rickard told Williams that Rickard should have sent the loan documents to her sooner, but that Rickard had been ill. Id. ¶ 17. Williams says that, upon receiving the loan documents, she discovered that she had actually refinanced the original mortgage by signing loan papers for a new first mortgage (for $280,000) from Home 123 and for a new second mortgage (for $70,000) from MERS. Id. ¶¶ 18, 25-26. Williams claims to have been deceived by Rickard and Home 123 in this regard. Id. ¶¶ 4, 5, 19.

Williams alleges that she did not receive at closing two accurate and complete notices of her right to cancel the 2006 loans and that she did not receive an accurate and complete good faith disclosure at all. Id. ¶ 30.[1] Williams also alleges that

---

[1] In their respective replies, Deutsche Bank and Real Time argue for dismissal, claiming that Williams lacked a good-faith belief for alleging that she had not received two notices of her right to cancel, copies of which are purported to be in the court record as Documents 18-5 and 19-5. Pursuant to Local Rule 7.4, the court disregards this argument, as it is raised for the first time in the Reply memoranda. The court notes, in any event, that Deutsche Bank and Real Time have filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As noted in the Standard of Review section below and in the discussion of the request for judicial notice, this court examines only the allegations of the FAC and does not consider documents other than those attached to the Complaint in ruling on the motion. That being said, Deutsche Bank and Real Time are free to pursue whatever remedies they wish to pursue for any perceived violation of Williams's and/or her counsel's ethical obligations. This court expresses no opinion as to whether any ethical obligation may have been violated under the circumstances presented here.

5

she did not receive complete and accurate good-faith disclosures for the loan transactions. Id.

Williams says that she then called Rickard to ask why she had received something other than the loan requested. Williams says that Rickard told her that the loans had to be done the way they had been done because Rickard had not asked for Williams's monthly income or obtained other information about how Williams would repay any loan. Id. ¶ 20.

Williams says that Rickard falsified Williams's monthly income on the loan application as being $8,100, when it was only $3,100. Id. ¶ 21.

Williams also complains that, although she had specifically told Rickard to avoid any prepayment penalty, the loans required Williams to pay a prepayment penalty. Id. ¶ 22.

Williams says that she tried to call Rickard again three or four days later, only to be told that Rickard no longer worked for Home 123, that Home 123 was going out of business, and that no one could assist her. Id. ¶ 24.

Williams's first mortgage was assigned to Deutsche Bank. Id. ¶ 6. Williams's second mortgage was assigned to Real Time. Id. ¶ 7. Asserting that Williams was in default, Deutsche Bank began a nonjudicial foreclosure process, setting the sale of Williams's property for June 25, 2009. Id., Exhibit 7 (Notice of Mortgagee's Non-Judicial Foreclosure Under Power of Sale). On or

about June 22, 2009, Williams's attorney, Gary Victor Dubin, sent a letter to the lenders indicating that Williams was rescinding the 2006 loan transaction. See Id., Ex. 8. Williams asserts that none of the Defendants has timely accepted the rescission. Id. ¶ 31.

III.    STANDARD.

Under Rule 12(b)(6), review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). However, courts may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Documents whose contents are alleged in a complaint and whose authenticity is not questioned by any party may also be considered in ruling on a Rule 12(b)(6) motion to dismiss. See Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006); Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. Sprewell, 266 F.3d at 988. Additionally, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell, 266 F.3d at 988. Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).

"[T]o survive a Rule 12(b)(6) motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted); accord Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more

8

than an unadorned, the-defendant-unlawfully-harmed-me accusation"). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The complaint must "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

IV.     ANALYSIS.

Deutsche Bank and Real Time, the current holders of the first and second mortgages on Williams's property, move to dismiss the FAC. See Docket No. 30.

Williams initially opposes the motion by arguing that neither Deutsche Bank nor Real Time has standing to bring a motion to dismiss because neither has presented proof of being the holder of any note or mortgage at issue here. This argument is without merit. On a Rule 12(b)(6) motion to dismiss brought by a defendant, the court is limited to examining the allegations of the complaint. Williams's FAC alleges that Deutsche Bank and Real Time are the current holders of the notes and mortgages in

question.  Deutsche Bank and Real Time are entitled to seek dismissal of the counts of the FAC asserted against them.

Because the court is accepting the allegations of the First Amended Complaint concerning Williams's various loan documents as true for purposes of this motion, the court need not take judicial notice of the very same loan documents, as requested by Deutsche Bank and Real Time.  Accordingly, the requests for judicial notice dated December 30, 2009 (Docket No. 8), February 5, 2010 (Docket No. 20), and March 25, 2010 (Docket No. 29), are denied.

    A.   <u>Counts 12 and 14.</u>

Counts 12 and 14 are asserted against Deutsche Bank and Real Time, respectively, for violations of Hawaii's Unfair and Deceptive Practices Act by Rickard and Home 123.  Counts 12 and 14 seek only rescission of the first and second priority loans, not damages.

Deutsche Bank and Real Time argue that dismissal of Counts 12 and 14 is appropriate because the FAC asserts violations of Hawaii's Unfair and Deceptive Practices Act, chapter 480, Hawaii Revised Statutes, but fails to allege a single fact indicating that either Deutsche Bank or Real Time did anything that was unfair or deceptive towards Williams.  Given <u>Twombly</u> and <u>Iqbal</u>, this argument would have merit if Williams was trying to hold Deutsche Bank and/or Real Time liable for

violating the act. However, the FAC is not attempting to hold Deutsche Bank or Real Time liable for violating chapter 480. Instead, Williams seeks to have the notes and mortgages declared void because of alleged unfair and deceptive acts by Rickard and/or Home 123.

Section 480-2 of the Hawaii Revised Statutes prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Chapter 480 authorizes civil penalties for violations of this prohibition. See Haw. Rev. Stat. § 480-3.1. The FAC, however, does not seek civil penalties from Deutsche Bank or Real Time. Instead, Counts 12 and 14 seek rescission of the 2006 notes and mortgages. Although not artfully pled, this claim for rescission appears to be based on section 480-12 of the Hawaii Revised Statutes, which states: "Any contract or agreement in violation of this chapter is void and is not enforceable at law or in equity."

Williams argues that, even if Deutsche Bank and/or Real Time are holders in due course, meaning that they were good-faith purchasers of the notes and mortgages for value, Deutsche Bank and Real Time may not enforce any right under the notes and mortgages if those documents are void. See Beneficial Haw., Inc. v. Kida, 96 Haw. 289, 30 P.3d 895, 918 (2001) (holding that the failure of an original mortgagee who acted as a mortgage broker to hold a mortgage broker's license rendered a note and mortgage

11

void such that a subsequent holder in due course could not enforce those documents).  Because Deutsche Bank and Real Time did not brief the issue of whether Counts 12 and 14 allege a viable claim that the notes and mortgages are void and unenforceable, this court does not reach that issue on this motion to dismiss.

        To the extent Deutsche Bank and Real Time argue that the FAC fails to assert a viable claim for rescission because it does not allege that Williams is ready, willing, and able to return the loan proceeds, this court disagrees.  Deutsche Bank and Real Time cite no authority for the proposition that plaintiffs proceeding under section 480-12 must allege an ability to return loan proceeds.  That section makes contracts and agreements void and unenforceable when they are the result of a violation of chapter 480.  Counts 12 and 14 seek rescission of the notes and mortgages, indicating that Williams is not attempting to keep the loan proceeds while having the notes and mortgages voided.  The court reads Williams's reference to rescission as a recognition of her equitable obligations should the court void the note and mortgage based on the conduct of Rickard and/or Home 123.  Under the present circumstances, it was not necessary for Williams to have pled that she was ready, willing, and able to return the loan proceeds to proceed with her claims under section 480-12.  This ruling is consistent with this

court's conclusion in a different case that a person need not plead that he or she is ready, willing, and able to return the loan proceeds for rescission purposes under the Truth and Lending Act. See Augustin v. PNC Financial Servs. Group, 2010 WL 1507975, *8 (D. Haw., Apr. 15, 2010).

     B.   Counts 13 and 15.

Counts 13 and 15 seek statutory damages and rescission of the 2006 notes and mortgages based on alleged violations of the Truth in Lending Act ("TILA"). Deutsche Bank and Real Time argue that the TILA claims are time-barred.

     1.   Money Damage Claims.

The potential liability of assignees of consumer credit transactions secured by real property are set forth in 15 U.S.C. § 1641(e). Under § 1641(e), Williams may seek to hold Deutsche Bank and Real Time--the assignees of the 2006 notes and mortgages--liable for TILA violations only if:

> (A) the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement provided in connection with such transaction pursuant to this subchapter; and
>
> (B) the assignment to the assignee was voluntary.

A "violation is apparent on the face of the disclosure statement" when:

> (A) the disclosure can be determined to be incomplete or inaccurate by a comparison among the disclosure statement, any

>   itemization of the amount financed, the note, or any other disclosure of disbursement; or
>
>   (B) the disclosure statement does not use the terms or format required to be used by this subchapter.

15 U.S.C. § 1641(e)(2).

With respect to Williams's claims for money damages under TILA, Williams was required to file her claims "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). When a TILA violation is based on an insufficient disclosure, the limitation period generally "starts at the consummation of the [loan] transaction." King v. California, 784 F.2d 910, 915 (9th Cir. 1986); see also Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996) (holding that when a lender fails to comply with TILA's initial disclosure requirements, a borrower has one year from obtaining the loan to file suit). Accordingly, to the extent Williams asserts TILA violations arising out of the disclosures that were made in August 2006, that claim is barred by the one-year statute of limitation.

The court is not persuaded by Deutsche Bank's and Real Time's argument that William's money damage claim arising out of the allegedly improper refusal to rescind the loans is time-barred, as TILA provides a borrower one year to file suit from the date of a lender's improper refusal to rescind. See Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002)

14

(noting in dicta that "that 15 U.S.C. § 1640(e) provides the borrower one year from the refusal of cancellation to file suit"). Whether the lenders' alleged refusal to rescind is improper is not a matter resolvable on papers presently before this court. Accordingly, the court denies the motion to dismiss the statutory damages claim originally filed on August 17, 2009, to the extent Williams is relying on Deutsche Bank's and Real Time's refusal to honor her June 22, 2009, rescission request.

2. <u>Rescission Claims.</u>

The consumer's right of rescission is unaffected by an assignment of the obligation. That is, Williams's right of rescission under TILA is unaffected by Home 123's transfer of its rights under the 2006 notes and mortgages to Deutsche Bank and Real Time. <u>See</u> 15 U.S.C. § 1641(c).

Under 15 U.S.C. § 1635(a), a borrower has a right to rescind a consumer credit transaction that provides for a security interest in any property used as the borrower's principal dwelling. The borrower has "until midnight of the third business day following consummation of the transaction or the delivery of the information and rescission forms" to exercise this right. <u>Id.</u> However, when a lender fails to disclose to a borrower his or her right to rescind, or fails to provide material disclosures, the duration of the borrower's right to rescind extends for three years from the date the transaction was

consummated. 12 C.F.R. § 226.23(a)(3); <u>Jackson v. Grant</u>, 890 F.2d 118, 120 (9th Cir. 1989). Even a purely technical violation of TILA's disclosure provisions, including the failure to provide a borrower with a copy of the notice that includes the correct date the rescission period expires, extends the duration of the right to rescind for three years. <u>See</u> <u>Semar v. Platte Valley Fed. Sav. & Loan Ass'n</u>, 791 F.2d 699, 703-05 (9th Cir. 1986).

Deutsche Bank and Real Time argue that, because they provided notices of the right to cancel both loans, which Williams acknowledged receiving, <u>see</u> Docket Nos. 18-5 and 19-5, and because Williams was provided with proper good-faith disclosures, the rescission claim is time-barred because it was not asserted within three days. On the present motion to dismiss, this argument does not win the day. Because this is a motion to dismiss, the court treats the allegations of the FAC as true and does not examine documents unless attached to the FAC. The FAC alleges that Williams did not receive at closing two accurate and complete notices of her right to cancel the 2006 loans and that she did not receive an accurate and complete good faith disclosure. <u>See</u> FAC ¶ 30. Based solely on the allegations contained in the FAC, the applicable statute of limitations for Williams's TILA rescission claim could be three years, not three days. Williams attempted to rescind the loans within three years of the loan transaction. Accordingly, the court declines to

dismiss the TILA rescission claim as untimely.  This is not to say that the TILA rescission claims will survive a motion for summary judgment.  This court rules only that, based on the present motion, dismissal is not justified.

To the extent Deutsche Bank and Real Time seek dismissal of the TILA rescission claim because the FAC fails to allege that Williams is ready, willing, and able to repay the loan proceeds, the court is not convinced.  As noted above, this court has previously ruled that such allegations are not pleading requirements for a TILA rescission claim.  See Augustin v. PNC Financial Servs. Group, 2010 WL 1507975, *8 (D. Haw., Apr. 15, 2010).  Given the court's conclusion on that point, the court need not reach Williams's contention that she pled that she was ready, willing, and able to tender the loan proceeds back her lenders back through her letter rescinding the loans.

The court declines to strike or otherwise sanction Deutsche Bank and Real Time for their submission of supplemental authority under Local Rule 7.8.  That supplemental submission of authorities Deutsche Bank and Real Time intended to rely on at the hearing was authorized by Local Rule 7.8 and was also timely submitted on June 17, 2010, four days before the scheduled June 21, 2010, hearing.  See Local Rule 7.8 (indicating that parties may submit to the court at least four days before a hearing authorities that they intend to rely on at the hearing); Local

Rule 1.4(a) ("Unless otherwise defined by these rules, the term 'days' shall mean calendar days."). Even if Deutsche Bank and Real Time failed to submit the required copies of the cases they intended to rely on at the hearing, Williams suffered no prejudice, as the court did not hold a hearing. Moreover, the court does not rely here on those authorities.

V.      CONCLUSION.

For the foregoing reasons, the motion to dismiss the First Amended Complaint is granted in part and denied in part without a hearing. The court also denies Williams's June 20, 2010, request to strike or otherwise sanction Deutsche Bank and Real Time for their submission of supplemental authority pursuant to Local Rule 7.8.

This order leaves for further adjudication the following claims against Deutsche Bank and Real Time: 1) Counts 12 and 14, to the extent they seek to void the 2006 notes and mortgages pursuant to section 480-12 of the Hawaii Revised Statutes; and 2) Counts 13 and 15, to the extent they claim money

damages for an improper refusal to rescind the 2006 loans and to the extent they seek actual rescission of those loans.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 24, 2010.



    /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Williams v. Rickard, Civ. No. 09-00535 SOM/KSC; ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT (DOCKET NO. 30); ORDER DENYING WILLIAMS'S MOTION TO STRIKE AND SANCTION DEFENDANTS (DOCKET NO. 43)