IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LEIGAFOALII TAFUE WILLIAMS, fka LEIGAFOALII TAFUE KOEHNEN,<br><br>Plaintiff,<br><br>vs.<br><br>DAWN RICKARD; HOME 123 CORPORATION, a California corporation, its successors and assigns, et al.,<br><br>Defendants. | ) | CIV. NO. 09-00535 SOM/KSC<br><br>ORDER DENYING MOTION TO ENJOIN STATE COURT PROCEEDINGS AND CLARIFYING STATUTE APPLICABLE TO THIS COURT’S EARLIER REMAND ORDER |

ORDER DENYING MOTION TO ENJOIN STATE COURT PROCEEDINGS AND CLARIFYING STATUTE APPLICABLE TO THIS COURT’S EARLIER REMAND ORDER

Defendant Deutsche Bank National Trust Company (“Deutsche Bank”), joined by Defendant Real Time Resolution, Inc. (“Real Time”), seeks an order from this court enjoining ongoing state court proceedings. This court denies the request for an injunction. However, this court does here provide clarification concerning the statutory authority under which this court remanded what remained before it of this lawsuit.

This action began in state court. It was removed to this court, where it stayed for about a year and a half. During that time, this court issued several orders, culminating in the remand of the remaining claims to the state court after all federal claims had been disposed of. Those remaining claims were brought under state law against only Defendants Dawn Rickard and

Home 123 Corporation. To the court's surprise, federal proceedings in this case have been revived.

What brings the matter back to this court is the dismay that parties that had prevailed before this court felt upon finding that Plaintiff Leigafoalii Tafue Williams was arguing in state court that she should be allowed to proceed against them. Those prevailing parties, forced to incur legal fees to argue to the state court that this court had already ruled on the claims against them, have returned here seeking assistance from this court in stopping Williams from proceeding against them in state court.

While understanding the moving parties' frustration, this court does not agree with them that this court should enjoin state court proceedings.

Deutsche Bank and Real Time point this court to 28 U.S.C. § 2283, which provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

The issue before this court is whether an injunction would fall under the exceptions to the bar on orders enjoining state court proceedings.

The movants' primary focus is on the purported need for this court to protect or effectuate its judgments. This is the third exception, sometimes called the "relitigation exception," listed in the Anti-Injunction Act. As the Ninth Circuit says, "The relitigation exception was designed to permit a federal court to prevent state court litigation of an issue that was previously presented to and decided by a federal court. . . . A district court may properly issue an injunction under the relitigation exception if 'there could be an actual conflict between the subsequent state court judgment and the prior federal judgment.'" G.C. & K.B. Investments, Inc. V. Wilson, 326 F.3d 1096, 1107 (9th Cir. 2003) (citation omitted). This court agrees with Deutsche Bank and Real Time that there could be an actual conflict between a state court judgment on claims against them and this court's prior ruling in their favor. Thus, this court concludes that an order enjoining state court proceedings against them would be permitted under the relitigation exception. However, neither Wilson nor any other authority requires a federal court to enjoin a state court just because an injunction is permissible.

The state court, while deciding that it could review this court's orders, ultimately did not nullify any part of this court's rulings. As the state court, like this court, has ruled in favor of Deutsche Bank and Real Time, this court fails to see

why an injunction is necessary to protect or effectuate its judgments. The movants' true concern appears to lie in avoiding attorneys' fees that they feel they are being unjustifiably forced to incur. That is an understandable concern, but it is not equivalent to a need by this court to protect its judgment.

Deutsche Bank and Real Time also vaguely argue that the state court should be enjoined to aid this court's jurisdiction. This court has remanded state law claims against Rickard and Home 123, over which it earlier had supplemental jurisdiction. As this court's intent was that it no longer exercise jurisdiction over any part of this case, this court has difficulty agreeing with the moving parties that it must aid its own jurisdiction through an injunction.

This court turns now to the request by Deutsche Bank and Real Time that it clarify the statutory basis for the remand order. Deutsche Bank and Real Time seek this clarification from this court in light of the following statement in the state court's minute order of July 26, 2011:

> The court having reviewed the subject motion and memoranda submitted, and being duly advised of the record and file herein and for good cause appearing therefore, finds that it has jurisdiction as the United States District Court for the District of Hawai'i remanded this case pursuant to 28 U.S.C. § 1447(c) and not 28 U.S.C. § 1367(c). By doing so, the United States District Court for the District of Hawai'i divested itself of jurisdiction upon mailing of the certified copy of the

> order of remand to the Clerk of the First Circuit Court.

The state court's focus on the distinction between § 1447(c) and § 1367(c) appears to have had its genesis in arguments made by Williams concerning the effect of a remand pursuant to § 1447(c). See Plaintiff's Memorandum in Opposition to Defendant Deutsche Bank National Trust Company's Motion To Enjoin State Court Proceedings, ECF Doc. 148, at Exhibit A ("Plaintiff's Reply Memorandum Regarding Jurisdiction," filed in state court, at 4-5). However, it does not appear to this court that the effect of this court's order turns on the distinction between the statutes.

While Deutsche Bank and Real Time urge this court to state that it remanded this case pursuant to § 1367(c), not § 1447(c), this court's view is that the statutes are not mutually exclusive. Both apply to the remand order, one providing the substantive reason for the remand, the other the procedural requirements.

In the remand order filed on May 25, 2011, this court said, "Pursuant to 28 U.S.C. § 1447, the Clerk of Court is directed to send a certified copy of this order to the Clerk of the First Circuit Court, State of Hawaii." The reference to § 1447 was intended to point the Clerk of Court to the procedural requirement of § 1447(c), which states, in part: "A certified copy of the order of remand shall be mailed by the clerk to the

clerk of the State court. The State court may thereupon proceed with such case." Clearly, that procedure applied to this court's remand order.

That does not mean, however, that the substantive ground on which the court was ordering a remand was listed in § 1447(c). That statute refers to the deadline for motions to remand based on defects other than a lack of subject matter jurisdiction. That deadline simply did not come into play before this court, as there was no motion based on a procedural defect. Nor did it appear at any time that this court lacked subject matter jurisdiction, another circumstance expressly mentioned in § 1447(c). As this court had before it claims alleging violations of federal statutes, this court had subject matter jurisdiction. The substantive reason for the remand had nothing to do with a lack of subject matter jurisdiction. Instead, after disposing of all federal claims, this court declined to continue to exercise supplemental jurisdiction over the remaining state law claims against Rickard and Home 123. The exercise or refusal to exercise supplemental jurisdiction was a matter of this court's discretion. Having had subject matter jurisdiction at the time the case was removed from state court, this court could have continued to exercise jurisdiction over the state law claims even after disposing of the claims on which its subject matter jurisdiction was originally based. See United Mine Workers v.

Gibbs, 383 U.S. 715, 726 (1966). Under § 1367(c), however, this court did not have to continue to exercise jurisdiction.

What § 1367(c) does is codify the federal court's right to exercise or decide not to exercise supplemental jurisdiction. It states, "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." While the statute does not mention remand, a decision to decline to exercise supplemental jurisdiction necessarily results in either dismissal or remand. Thus, the statute could be said to provide one particular reason for a remand. It does not, however, set forth the procedure to be followed on remand, for which one must turn to § 1447(c).

With § 1367(c) in mind, this court stated the reason for the remand in both the beginning and end of its remand order. At page 5 of the order filed on May 25, 2011, this court said, "The only claims remaining in this action are state law claims asserted against Rickard and Home 123, which the court declines to exercise supplemental jurisdiction over. Those claims are remanded to state court." At page 23 of the remand order, this court repeated: "Williams stated that, because the TILA claims are no longer being adjudicated against any Defendant, only state law claims remain. The court now declines to exercise supplemental jurisdiction over these claims." This court noted

at page 24, “When the federal claims are dismissed before trial, it is within the court’s discretion to exercise jurisdiction over the remaining state law claims.” The court then said in the next paragraph, “The court declines to exercise supplemental jurisdiction over those remaining claims and remands this case to state court.” The court repeated that position on page 25. Although this court did not cite the statute, it cited cases that did so. All of the above-quoted statements by this court derive from § 1367(c) and cases relating to that statute.

To summarize, § 1367(c) provides the basis for the remand order, and § 1447(c) provides the procedure to be followed. The statutes are not inconsistent. Because a remand based on § 1367(c) divests a federal court of jurisdiction as surely as compliance with the procedural remand requirements of § 1447(c) does, this court does not think the difference between the statutes affected any jurisdictional issue. In any event, this court cited § 1447(c) only for its procedural provisions, not for the substance of the court’s remand decision.

This court never envisioned that, given its rulings, Williams could proceed against Deutsche Bank and Real Time in state court. It may be that the present clarification will put an end to the troubles that Deutsche Bank and Real Time say Williams is visiting on them in state court. In any event, this court does not see this as the extraordinary case in which the

injunction that Deutsche Bank and Real Time seek should be entered.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 25, 2012.




/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

LEIGAFOALII TAFUE WILLIAMS, fka LEIGAFOALII TAFUE KOEHNEN vs. DAWN RICKARD; CIV. NO. 09-00535 SOM/KSC; ORDER DENYING MOTION TO ENJOIN STATE COURT PROCEEDINGS AND CLARIFYING STATUTE APPLICABLE TO THIS COURT'S EARLIER REMAND ORDER